**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1012**

ANGELA D. WALTON,

        Plaintiff - Appellant,

    v.

NORTH CAROLINA DEPARTMENT OF AGRICULTURE AND CONSUMER
SERVICES; ROBERT N. BROGDEN, JR.,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Louise W. Flanagan,
District Judge. (5:09-cv-00302-FL)

Submitted:  August 17, 2012          Decided:  August 24, 2012

Before KING, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David G. Schiller, SCHILLER & SCHILLER, PLLC, Raleigh, North
Carolina; Luther D. Starling, Jr., N. Leo Daughtry, Kelly K.
Daughtry, DAUGHTRY, WOODARD, LAWRENCE & STARLING, Smithfield,
North Carolina, for Appellant.  I. Faison Hicks, Anne J. Brown,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina,
for Appellee North Carolina Department of Agriculture and
Consumer Services.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angela D. Walton appeals the district court's order granting summary judgment to her former employer, the North Carolina Department of Agriculture and Consumer Services ("the Department"), on her claim for sex discrimination creating a hostile work environment under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2012), and remanding to state court her claims under North Carolina law against her former supervisor, Defendant Robert N. Brogden, Jr.  On appeal, Walton challenges the district court's grant of summary judgment to the Department on her claim under Title VII.  Finding no reversible error, we affirm.

We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party.  PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To withstand a motion for summary judgment,

2

the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

To prevail on her Title VII claim for a hostile work environment, Walton was required to establish the following four elements: (1) "unwelcome conduct," (2) based on her gender, (3) that was "sufficiently pervasive or severe to alter the conditions of employment and to create a hostile work environment," and (4) some basis for imputing liability to her employer. Matvia v. Bald Head Island Mgmt., Inc., 259 F.3d 261, 266 (4th Cir. 2001). The district court assumed without deciding that Walton could establish the first three elements of her hostile work environment claim but granted summary judgment to the Department on the fourth element in light of the Ellerth/Faragher affirmative defense to liability. Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998). The defense permits an employer to avoid strict liability under Title VII for a supervisor's sexual harassment of an employee if no tangible

employment action was taken against the employee. Matvia, 259 F.3d at 266.

To prevail under the defense, the employer must establish that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and . . . that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." Id. at 266-67 (internal quotation marks omitted). An employer's "dissemination of an effective anti-harassment policy provides compelling proof that [it] has exercised reasonable care to prevent and correct sexual harassment." Id. at 268 (internal quotation marks omitted). However, evidence showing that the employer implemented the policy "in bad faith" or was "deficient in enforcing the policy will rebut this proof." Id.; see Barrett v. Applied Radiant Energy Corp., 240 F.3d 262, 266 (4th Cir. 2001) (stating that an employee may make her rebuttal showing by establishing that her "employer adopted or administered an anti-harassment policy in bad faith or that the policy was otherwise defective or dysfunctional" (internal quotation marks omitted)).

Walton challenges the district court's determination that the Department exercised reasonable care to prevent sexually harassing behavior, arguing that its anti-harassment policy was deficient because some of her co-workers did not

4

understand it. That Walton's co-workers may not have understood the policy, however, does not establish that Walton herself did not understand it. Additionally, it is clear from the record that the policy defined unlawful workplace harassment — including sexual harassment — and how and to whom such harassment could be reported and that Walton attended a training course at which she received instruction on how to report unlawful workplace harassment. Walton neither points to any language in the policy rendering it unclear or difficult to follow nor specifies how the policy could have been made clearer. In view of this record, Walton cannot show reversible error in the district court's grant of summary judgment to the Department by claiming that other employees did not understand the policy. Accordingly, her claim that the policy was deficient must fail.

We also reject as meritless Walton's appellate arguments challenging the district court's determinations that the Department exercised reasonable care to correct promptly any sexually harassing behavior and that she unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Department. Her arguments are premised on assertions that are conclusory, unexplained, and made without record support.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED